(Not for publication)                                    (Docket Entry Nos. 4, 10, 42)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALI WARIS, | : |
| | : |
| Plaintiff, | :   Civil No. 08-5709 (RBK) |
| | : |
| v. | :   **OPINION** |
| | : |
| PAUL ORMOND, et al., | : |
| | : |
| Defendants. | : |
| | : |

Presently before the Court are Plaintiff Ali Waris's motion to remand and motion for sanctions.[1] For the reasons set forth below, Plaintiff's motion to remand will be granted, and Plaintiff's request for fees and costs and motion for sanctions will be denied.

## I. BACKGROUND

This case arises out of three earlier actions, <u>Waris v. HCR Manor Care</u>, U.S.D.C. E.D. Pa., No. 07-cv-3344; <u>Waris v. Keystone Health Plan East</u>, Court of Common Pleas of Delaware County, Pennsylvania, Civ. No. 05-12718; and <u>Waris v. Frick</u>, U.S.D.C. E.D. Pa., No. 06-5189. Plaintiff alleges that the defendants and the attorneys who represented the defendants in <u>Manor Care</u>, <u>Keystone</u> and <u>Frick</u> engaged in misconduct during the course of the litigation.

This case began on October 14, 2008, when Plaintiff filed a complaint in the Chester County Court of Common Pleas against Defendants Paul Ormond, Sara Begley and Reed Smith

---

[1] Plaintiff filed a motion to remand on December 12, 2008 (Dkt. No. 4) and a motion for sanctions on December 16, 2008 (Dkt. No. 10). On May 14, 2009, Plaintiff filed a second motion to remand and for sanctions (Dkt. No. 42).

LLP. The complaint contained only state law claims and related to conduct during the <u>Manor Care</u> case. On November 3, 2008, the defendants filed preliminary objections. On November 19, 2008, Plaintiff filed an amended complaint. Plaintiff added Defendants Lesley Mackey and Miriam Edelstein, who had been involved in the <u>Manor Care</u> case. Plaintiff also added Defendants Eric Kraeutler; Susannah Henderson; Morgan Lewis & Bockius LLP; Keystone Health Plan East, Inc.; and Gerald Dugan, who had all been involved in the <u>Keystone</u> case and/or the <u>Frick</u> case. Plaintiff also added federal claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq.; the Hobbs Act, 18 U.S.C. § 1951 et seq.; and the Civil Rights Act, 42 U.S.C. § 1985.

Plaintiff later submitted a Praecipe to Discontinue Federal Claims and a proposed order to the Chester County Court of Common Pleas. The praecipe stated "Pursuant to Pa. R.C.P. 229(a), Plaintiff Ali Waris *pro se* voluntarily discontinues all federal claims against all Defendants in the above-referenced case." The praecipe was stamped "filed" by the Office of the Prothonotary on December 8, 2008 at 9:41 a.m. The proposed order which was attached stated that Counts Four (RICO), Five (RICO Conspiracy), Six (Hobbs Act), Seven (Conspiracy to Interfere with Civil Rights), and Eight (Conspiracy to Interfere with Civil Rights) of the Amended Complaint were discontinued without prejudice against Defendants Keystone Health Plan East, Morgan Lewis, Kraeutler, Henderson, Dugan, Heartland Home Health Services, Mackey, Reed Smith LLP, Begley, and Edelstein. (<u>See</u> Pl.'s Motion to Remand, Ex. A.)

Also on December 8, 2008, Plaintiff sent an e-mail to Defendants. The email stated, "Please find a copy of Plaintiff's Praecipe to Discontinue Federal Claims." The praecipe and proposed order were attached. The praecipe was not time-stamped. (<u>See</u> Reed Smith Defs.'

Opp. to Pl.'s Motion to Remand, Ex. B.)  Certain defendants did not receive the e-mail because

Plaintiff had misspelled their attorney's e-mail address; they learned of Plaintiff's e-mail from

the other defendants.

On December 9, 2008, the Defendants filed a Notice of Removal.  The Notice of

Removal invoked 28 U.S.C. § 1331 and 28 U.S.C. § 1367 in support of federal subject matter

jurisdiction over this matter.  At this time, Plaintiff's praecipe had not yet been docketed.  (See

Reed Smith Defs.' Opp. to Pl.'s Motion to Remand, Exs. C and D.)  Plaintiff's praecipe was not

docketed until December 12, 2008.  (See Opp. of Def. Keystone Health Plan East, Inc. and the

Morgan Lewis Defs. to Pl.'s Motions for Remand and for Sanctions, Exs. E, F.)

## II.  MOTION TO REMAND

### A.  Standard

"If at any time before final judgment, it appears that the district court lacks subject matter

jurisdiction, the case [removed from state court] shall be remanded."  28 U.S.C. § 1447(c)

(2006).  The defendant bears the burden of demonstrating that the federal court has jurisdiction,

and "all doubts should be resolved in favor of remand."  Abels v. State Farm Fire & Cas. Co.,

770 F.2d 26, 29 (3d Cir. 1985).

### B.  Plaintiff Effectively Discontinued His Federal Claims

The Court finds that Plaintiff effectively discontinued his federal claims when he filed his

praecipe pursuant to Pennsylvania Rule of Civil Procedure 229.  The Court further finds that the

discontinuance was effective on December 8, 2008.  Defendants argue that Rule 229 does not

apply, and that even if it does apply, Plaintiff needed court approval to discontinue his federal

claims.

3

Defendants first argue that Rule 1033, which governs amending pleadings, applies. However, The Pennsylvania Rules of Civil Procedure provide that "[a] discontinuance shall be the exclusive method of voluntary termination of an action, in whole **or in part**, by the plaintiff before commencement of the trial." Pa. R. Civ. P. 229(a) (emphasis added); see also 1 Goodrich Amram 2d § 229(a):8 ("In providing for the voluntary termination of an action in part, the Rule governing discontinuance permits the plaintiff to discontinue his or her action as to fewer than all of the counts in the complaint, and to leave the action pending as to all remaining counts and claims against the defendant.").

Defendants argue that even if Rule 229 applied, Plaintiff needed court approval to withdraw his federal claims. However, subject to certain exceptions,[2] "a plaintiff may voluntarily discontinue his or her action without first obtaining express leave of court, because leave is presumed in an action at law and in an equity action, subject in both instances to the right of the court to strike off the discontinuance for cause shown." 7 Standard Pennsylvania Practice 2d § 39:7. Further, "[t]he customary method of entering a discontinuance . . . is by filing a praecipe with the prothonotary to mark the action as discontinued." Id. at § 39:13.

Plaintiff's federal claims were discontinued on December 8, 2008, the date on which the praecipe was received by the Office of the Prothonotary. See Palmatier v. Palmatier, 19 Pa. D. & C.3d 566, 569 (Ct. Com. Pl. 1981) (finding action "discontinued as of the date the praecipe was

---

[2] One of these exceptions is that "a discontinuance may not be entered as to less than all defendants except upon the written consent of all parties or leave of court after notice to all parties." Pa. R.C.P. 229(b)(1). Defendants argue that this exception applies. However, Plaintiff's praecipe expressly states that Plaintiff discontinued "all federal claims against all defendants." The order attached to the praecipe includes the names of all defendants except Ormond. The Court finds that the praecipe, which effectively discontinued Plaintiff's claims, and not the proposed order, is controlling.

filed with the prothonotary"); <u>see</u> <u>also</u> <u>Griffin v. Cent. Sprinkler Corp.</u>, 823 A.2d 191, 197 (Pa. Super. Ct. 2003) ("[A] document is filed when received by the prothonotary, regardless of when it is later time-stamped."); <u>Commonwealth v. Castro</u>, 766 A.2d 1283, 1287 (Pa. Super. Ct. 2001) ("[T]he term 'file' cannot be completely equated with the purely ministerial act of docketing the receipt of a legal document."). Defendants, relying on <u>Pohl v. NGK Metals</u>, 936 A.2d 43 (Pa. Super. Ct. 2007), argue that the date that Plaintiff submitted his praecipe to the court is not determinative. However, <u>Pohl</u> is distinguishable from this case. In <u>Pohl</u>, the issue before the appellate court was whether the trial court erred in ruling on a summary judgment motion after plaintiffs had filed a praecipe to discontinue the case. <u>Id.</u> at 46. The trial court was unaware of the praecipe at the time it ruled on the motion for summary judgment. <u>Id.</u> at 48. The defendants subsequently challenged the praecipe, and the court struck it. <u>Id.</u> Here, by contrast, Defendants never moved to strike the praecipe.

Finally, Defendants argue that "discontinuances are improper where it is apparent that the purpose of plaintiffs' discontinuance is to 'forum shop.'" <u>Id.</u> at 47. While this statement is true, the way to address an improper discontinuance is to file a motion to strike it. In <u>Pohl</u>, the court did not simply disregard a discontinuance; rather, the defendant filed a motion to strike the discontinuance and the court granted that motion. <u>See</u> <u>id.</u> at 48. In this case, the state court may have concluded that Plaintiff's discontinuance was improper and decided to strike it; however, the fact remains that Plaintiff's discontinuance was never stricken. Therefore, this Court cannot disregard it.

## C. The Remaining Claims are State Law Claims

Defendants argue that even if Plaintiff successfully withdrew his RICO, RICO Conspiracy, Hobbs Act, and Conspiracy to Violate Civil Rights claims, federal question jurisdiction still exists, and removal was proper. Defendants argue that at least some of Plaintiff's claims, while nominally state law claims, involve substantial federal issues. The remaining claims are violation of the Restatement (Second) of Torts § 682, Civil Conspiracy to Abuse Process, Intra-Litigation Bad Faith, Negligence, and Tortious Interference with Prospective Contractual Relations. The court is not persuaded that these state law claims involve a substantial federal question.

Generally, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). However, "in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005). Such federal-question exists only if "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Id. at 314.

Defendants argue that federal question jurisdiction exists in this case because Plaintiff's allegations are based on events that occurred in federal court and because Plaintiff alleges that Defendants violated the Federal Rules of Civil Procedure.[3] The cases Defendants cite do not

---

[3] Defendant Dugan points to several paragraphs of the Amended Complaint, all preceding Plaintiff's enumeration of the counts against Defendants. Dugan presumes that all of these paragraphs remain in the complaint (including those under the heading "Specific Racketeering

support such broad propositions.  First, Defendants cite U.S. Express Lines Ltd. v. Higgins, in which the court found that a claim of malicious abuse of process was properly removed from the state court to federal court.  See 281 F.3d 383 (3d Cir. 2002).  The U.S. Express Lines court held that "[w]here a plaintiff's complaint requires the juxtaposition of a court of appeals decision and an apparently conflicting procedural rule, the federal courts may properly claim jurisdiction." Id. at 391.  U.S. Express Lines does not support the much broader conclusion that any state law tort claim may be removed to federal court if it is based on conduct that occurred in federal court. See Lane v. CBS Broad. Inc., 612 F. Supp.2d 623, 634 n.6 (E.D. Pa. 2009) (rejecting argument that "when a claim is based upon proceedings in a federal court, the federal issues involved are necessarily 'substantial'" and noting more limited holding of U.S. Express Lines).  Nor does U.S. Express Lines support the conclusion that a state law tort claim may be removed to federal court whenever a plaintiff alleges that defendants have violated a Federal Rule of Civil Procedure.  Cf. Grable, 545 U.S. at 318-19 (explaining that alleged violation of federal statute or regulation, as part of tort claim, does not necessarily create federal question jurisdiction).  Rather, U.S. Express Lines provides only that federal jurisdiction exists where the case involves a conflict between a Federal Rule of Civil Procedure and federal case law.  Defendants in this case do not argue that there is any such conflict.

Defendants also cite Seawright v. Greenberg, 233 F. App'x 145 (3d Cir. 2007), another

---

Acts of the Keystone Group") even now that Plaintiff has discontinued his federal claims. However, this argument fails because Plaintiff, rather than discontinuing certain paragraphs of his complaint, has instead discontinued several claims in their entirety.  Further, to the extent that any remaining claims refer to violations of the Federal Rules of Civil Procedure, the court finds that, for the reasons discussed infra, these references do not give rise to federal question jurisdiction.

case which is distinguishable from this case. In <u>Seawright</u>, the plaintiff brought numerous state law claims, as well as claims for "violations of 'the Federal Rules of Civil Procedure' and 'various federal laws including 18 U.S.C. Sections 1341 and 1343.'" <u>Id.</u> at 147 (quoting complaint). After the defendants removed the case to federal court, the plaintiff filed an amended complaint, in which she had crossed out all references to federal law, and then filed a motion to remand. <u>Id.</u> The court noted that "the nature of [a plaintiff's] claim must be evaluated, and the propriety of remand decided, on the basis of the record as it stands at the time the petition for removal is filed." <u>Id.</u> at 148 (quoting <u>Westmoreland Hosp. Ass'n v. Blue Cross of W. Pa.</u>, 605 F.2d 119, 123 (3d Cir. 1979)). The court held that removal was proper "because '[a] subsequent amendment to the complaint after removal designed to eliminate the federal claim will not defeat federal jurisdiction.'" <u>Seawright</u>, 233 F. App'x at 148 (quoting <u>Westmoreland</u>, 605 F.2d at 123). The critical distinction between <u>Seawright</u> and this case is that here, Plaintiff discontinued his federal claims before the case was removed.

Further, the Court does not find that <u>Seawright</u> should be interpreted to suggest that federal jurisdiction exists whenever a plaintiff alleges a violation of the Federal Rules of Civil Procedure. The plaintiff in <u>Seawright</u> alleged RICO violations, as well as violations of the Federal Rules; thus, the existence of federal question jurisdiction did not depend on the Federal Rules claim. Further, it appears that the plaintiff in <u>Seawright</u> articulated a claim for violations of the Federal Rules of Civil Procedure separate from her state law claims; here, Plaintiff accuses the defendants of violating the Federal Rules in the context of state tort claims.

## III. SANCTIONS

### A. Costs and Expenses Resulting From Removal

In his motion for remand, Plaintiff also seeks "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has explained that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

Here, Defendants had "an objectively reasonable basis for seeking removal." At the time they filed their Notice of Removal, Defendants did not know that Plaintiff had discontinued his federal claims. While Plaintiff sent Defendants a copy of his praecipe, this copy did not indicate that the praecipe had been filed. Moreover, before filing their Notice of Removal, Defendants checked to see if the praecipe had been docketed, and it had not. Thus, at the time of removal, Defendants had reason to believe that federal question jurisdiction existed. Plaintiff's request for costs and expenses incurred as a result of removal is denied.

### B. Rule 11 Sanctions

Plaintiff's motion for Rule 11 sanctions will be denied because it appears that Plaintiff failed to comply with the safe harbor provisions of Rule 11. Rule 11 provides that a motion for sanctions "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). Plaintiff has presented no evidence that he served the defendants with his motion for sanctions

9

twenty-one days before filing it, and therefore his motion for sanctions must be denied.[4]

Moreover, Plaintiff has failed to show that Defendants filed their notice of removal for an improper purpose or knew at the time they filed the notice of removal that their position lacked legal or evidentiary support. As previously explained, at the time of removal, Defendants did not know that Plaintiff had filed his praecipe and therefore had reason to believe that removal was proper.

## C. Sanctions for False Certification of Cover Sheet and Designation Form

Plaintiff seeks discipline against Henry Reichner, who represents Reed Smith, Sara Begley and Miriam Edelstein, for certifying false responses on the federal court cover sheet and designation form. Plaintiff claims that such discipline is appropriate under "Rule IV of the Local Rules of the Eastern District of Pennsylvania." (Pl.'s Motion for Sanctions at 6.) The Court has been unable to locate such a rule. Regardless, the Court finds that there is no basis for sanctions against Reichner.

First, Plaintiff alleges that Reichner made the following false certifications on the Civil Cover Sheet: (1) under "Basis of Jurisdiction," Reichner checked "Federal Question," even though he knew that Plaintiff had discontinued his federal claims; (2) under "Cause of Action," Reichner included Civil Rights and RICO claims, even though he knew Plaintiff had

---

[4] Plaintiff sent an e-mail to Defendant Henderson on December 11, 2008, which stated: "Because Plaintiff has discontinued his federal claims in the above-referenced case, prior to December 9, 2008, your attempted removal of the case, to federal jurisdiction, is in bad-faith and without any legal foundation." (Opp. of Def. Keystone Health Plan East and the Morgan Lewis Defs. to Pl.'s Remand and Sanctions Motions, Ex. D.) However, Plaintiff failed to mention that he would be seeking sanctions. Even if the Court were to construe this e-mail as notice of Plaintiff's intent to file a motion for sanctions, it was sent a mere five days before Plaintiff filed his motion for sanctions.

10

discontinued these claims; and (3) Reichner failed to mention a related case, <u>Waris v Frick</u>, No. 2:06-5189.  Second, Plaintiff alleges that Reichner falsely certified the Federal Designation Form, which (1) fails to disclose the related case of <u>Waris v. Frick</u> and (2) under Arbitration Certification, states that relief other than monetary damages is sought.

Plaintiff has failed to show that Reichner knew at the time he certified the Civil Cover Sheet that Plaintiff had filed his praecipe to discontinue his federal claims.  At the time of removal, Defendants had no indication that the praecipe Plaintiff e-mailed them had been filed with the court.

Further, the failure to mention <u>Waris v. Frick</u> as a related case on the Civil Cover Sheet and Designation Form was proper.  A Civil Cover Sheet need only mention those related cases that are pending.  (<u>See</u> Instructions for Attorneys Completing Civil Cover Sheet Form.)  A Designation Form need only mention related cases that are pending or were terminated within the past year.  (<u>See</u> Designation Form; Clerk's Office Procedural Handbook, The United States District Court for the Eastern District of Pennsylvania, at 10.)  <u>Waris v. Frick</u> was terminated on October 25, 2007, more than one year before Defendants in this case filed their Notice of Removal.

Finally, the statement that relief other than monetary damages is sought is a true statement.  In his Amended Complaint, Plaintiff seeks declaratory and injunctive relief, as well as monetary relief.  (<u>See</u> Amended Complaint, Prayer for Relief.)

In sum, Plaintiff's request for sanctions against Reichner is denied because Plaintiff has failed to show that Reichner knew at the time of removal that the statements regarding federal jurisdiction were false or that any of Reichner's other statements were false.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for remand is granted, but his request for fees and costs pursuant to 28 U.S.C. § 1447(c) is denied. In addition, Plaintiff's motion for sanctions is denied. An accompanying Order shall issue today.

Dated: 7-27-09

ROBERT B. KUGLER
United States District Judge